| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND, | Case No. 1:19-cv-01030-JDP |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTIONS TO PROCEED IN FORMA PAUPERIS, DENY PLAINTIFF'S MISCELLANEOUS MOTION, AND REQUIRE PAYMENT OF FILING FEE IN FULL WITHIN TWENTY-ONE DAYS |
| v. | |
| D. MOFFETT, *et al.*, | |
| Defendants. | |
| | ECF Nos. 2, 11, and 13 |
| | OBJECTIONS DUE WITHIN 14 DAYS |
| | ORDER TO ASSIGN CASE TO DISTRICT JUDGE |

Plaintiff Joshua Davis Bland is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On July 17, 2019, plaintiff filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915. ECF No. 2. That application contained numerous handwritten edits, stating, among other things, that Bland did "not consent to 28 U.S.C. § 1915(b)(2) as it is unconstitutional." ECF No. 2 at 2. The provision to which Bland objected is both constitutional and a mandatory precondition for *in forma pauperis* status. *See, e.g.*, *Hendon v. Ramsey*, 478 F. Supp. 2d 1214, 1220 (S.D. Cal. 2007) ("[C]ollecting 20 percent of Plaintiff's monthly income for each action he has filed raises no serious constitutional questions."). On August 2, I signed an order directing Bland to submit a new application. ECF No. 6. On August

1

26, Bland filed a second application that contained handwritten edits much like those in his first. ECF No. 11. Then, on August 29, Bland filed a miscellaneous motion that attempted to pay his filing fee with a handwritten promissory note. ECF No. 13.

Under the *in forma pauperis* statute, prisoners are "required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). This provision cannot be avoided or waived. *See, e.g.*, *Richardson v. Rupert*, No. 3:14-CV-01415, 2016 WL 951536, at *2 (N.D. Ohio Mar. 14, 2016). Because Bland continues to object to the statute's payment provision, he remains ineligible for the statute's benefits. I also find that Bland's handwritten promissory note is insufficient to pay the filing fee. *Cf. Banks v. Duckworth*, No. 5:07-CV-214, 2008 WL 728926, at *1 (S.D. Miss. Mar. 14, 2008) (noting that "Plaintiff's letter and promissory note" are not "an acceptable form of payment for the filing fee in this case").

**Order**

The clerk of court is directed to assign this case to a district judge who will review the findings and recommendations.

**Findings and Recommendations**

Based on the foregoing, it is hereby recommended that:

1. plaintiff's *in forma pauperis* applications, ECF Nos. 2 and 11, be denied;
2. plaintiff's miscellaneous motion, ECF No. 13, be denied;
3. plaintiff be required to pay the $400 filing fee in full within twenty-one days of adoption of these findings and recommendations; and
4. if plaintiff fails to pay the $400 filing fee in full within twenty-one days of adoption of these findings and recommendations, all pending motions be terminated, and this action be dismissed without prejudice.

I submit the findings and recommendations to a district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the service of the findings and recommendations, plaintiff may file written objections to the findings and recommendations with

the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: September 5, 2019

UNITED STATES MAGISTRATE JUDGE

No. 205